## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISRICT OF PUERTO RICO

| |
|---|
| **IN RE:** |
| EDIBERTO MELÉNDEZ RODRÍGUEZ |
| **ID.** # xxx-xx-3579 |
| |
| EDIBERTO MELÉNDEZ RODRÍGUEZ |
| **Plaintiff** |
| **VS.** |
| COOPERATIVA DE AHORRO Y CRÉDITO DE ARECIBO (COOPACA); JOHN DOE & RICHARD ROE; INSURANCE COMPANIES X, Y, AND/OR Z |
| **Defendants** |

**CASE NO: <u>2003-10256</u> (SEK)**

**CHAPTER: 7 (AFM)**

**ADV.PROC.NO. <u>2006-00162</u>**

**VIOLATION OF THE DISCHARGE INJUNCTION**

## M O T I O N   F O R   P A R T I A L   S U M M A R Y   J U D G M E N T

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, through his undersigned legal representation, and hereby move the court, pursuant to Fed. Bankr. P. 7056, for an order finding that Defendant COOPERATIVA DE AHORRO Y CRÉDITO DE ARECIBO, from herein COOPACA, incurred in violation of the discharge injunction provisions pursuant 11 U.S.C. §§ 523, 524 & 727.

1

## I. CASE HISTORY

1.   On September 19th, 2003, debtor-plaintiff, filed the Chapter 7 Bankruptcy case. (see NIBS docket entry 1)

2.   On January 7th, 2004, debtor-plaintiff received the discharge of his debts in his Chapter 7 Bankruptcy case. *Please find copy of the discharge of debtor which is hereby attached as* **Exhibit A.**

**3.**   On January 7th, 2004, the Honorable Court discharge the Trustee and closed the Estate in debtor-plaintiff's Chapter 7 Bankruptcy case. *Enclosed Please find copy of the order discharging the trustee and closing the case which is hereby attached as* **Exhibit B.**

**4.**   Upon defendant's request to the Court of Instance for an Entry of Default Judgment, the Court of Instance on January 16th, 2004, issued an Order granting COOPACA's request for default judgment against plantiff, entered on January 22nd, 2004 indicating that Coopaca was to prepare a Judgment Proyect. *Enclosed Please find copy of the Notice issued by the  Court OF Instance on January 22nd, 2004, which is hereby attached as* **Exhibit C.**

5.   On February 27th, 2004, the Court of Instance issued a Notice of Judgment which was filed and entered on March 5th, 2004. *Enclosed Please find copy of the  Notice of Judgment which is hereby attached as* **Exhibit D.**

6.   On September 21st, 2005, Plaintiff COOPACA filed within the  Court of Instance in Arecibo, a Motion Requesting the Execution of the Judgment.   *Enclosed Please find copy of the Motion Requesting the Execution of the Judgment  which is hereby attached as* **Exhibit E.**

7.   On March 10th, 2006, the Court of Instance filed and entered an Order in

Execution of Judment in which the court orders the marshall to **garnish** the household goods in debtor's home. *Enclosed Please find copy of the Order in Execution of Judgment which is hereby attached as* **Exhibit F.**

8.    on March 27th, 2006, the Court of Instance issued a Notice filed and entered on the same date in which the Court certifies that attending the Motion in Compliance with Court Order, the Court acknowledges same and enters a Order to Notify the Garnishment. *Enclosed Please find copy of the Notice filed and entered on March 27th, 2006, which is hereby attached as* **Exhibit G.**

9.    On August 15th, 2006, debtor-plaintiff filed the instant adversary requesting actual and punitive damages against defendant, COOPACA, for the violation of the discharge injunction to the filing of a collection of monies suit against Plaintiff before the Superior Court of Arecibo, under case number **TM2003-0370.**

10.    On November 13th, 2006, COOPACA filed its Answer to Complaint, dated November 9th, 2006. In its answer, COOPACA ***admitted*** that: (1) It had knowledge of the bankruptcy filing on September 19th, 2003 by debtor-plaintiff; (2) it had knowledge that they were debtor-plaintiff's unsecured creditor; (3) PLAINTIFF alleged upon information and belief that the notice mailed by the Honorable Court in the bankruptcy case included the following warning to all creditors: ***"CREDITORS MAY NOT TAKE CERTAIN ACTIONS:*** *The filing of the instant bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the*

3

*Bankruptcy Code, you may be **penalized"***; (4) It had **no** knowledge of the word "aver[1]"/ "avers" (*see: http://www.m-w.com/dictionary/avers*); (5) It had knowledge of their inclusion in the case's schedules (*schedule F*) and statement of financial affairs (*S.O.F.A. item number 4*); (6) that it had knowledge that on or about November 3rd, 2003, the duly appointed chapter 7 Trustee filed a notice titled "*NOTICE to creditors that any objection to Trustee's Report of No Distribution should be filed within 30 days due on 12/03/03*" and that no creditor, including DEFENDANT COOPACA, filed an objection to the Trustee's Motion; (6) it had knowledge that debtor-plaintiff received the order of discharge of debts in his Chapter 7 Bankruptcy case on or about January 7th, 2004; (7) it had knowledge that this Honorable issued the order discharging the Trustee and closing the chapter 7 Bankruptcy case on or about January 7th, 2004; and (8) it had knowledge that the certificate of service for both orders were issued on January 12th, 2004. (*See: Answer to Complaint paragraphs 1&5, 2, 7, 8, 10, 11, 12, 13 and 14 and which relate to paragraphs 1&5, 2, 7, 8, 10, 11, 12, 13 and 14 and of the Complaint*)

11.    Defendant COOPACA <u>admitted</u> the aformementioned allegations, but still denied that there was/ and is a violation of discharge injunction. But Defendant COOPACA went on further and <u>admitted</u> in part that: (1) It violated the *AUTOMATIC STAY*, although not willfuly, but still violated the stay; (2) as soon as they discovered that debtor-plaintiff was protected by the automatic stay, that no more attempts collect from debtor-plaintiff were made. (*See: **affirmative defenses number 2 and 3** in the answer*

---

[1] **Main Entry:** <u>ave</u>
**Function:** *transitive verb*
*Inflected Form(s):* averred; averring
**Etymology: Middle English** *averren,* **from Anglo-French** *averer,* **from Medieval Latin** *adverare* **to confirm as authentic, from Latin** *ad-* **+** *verus* **true -- more at** <u>VERY</u>
<u>1 a</u> : to verify or prove to be true in pleading a cause b : to allege or assert in pleading

4

*to the complaint*)

12. Plaintiff's request for summary judgement is predicated in that there are no genuine issues as to any material facts, and that Plaintiff is entitled to a partial judgement against COOPACA, as a matter of Law.

13. Plaintiff files the present motion for Judgement on the Pleadings and this brief in support thereof in which it will be demonstrated that COOPACA violated the discharge injunction, and the automatic stay (as per defendant COOPACA'S own admission) with full knowledge and intention of doing so.

## II. STATEMENT OF FACTS:

14. On September 19th, 2003, debtor-plaintiff, filed the Chapter 7 Bankruptcy case.

15. On January 7th, 2004, debtor-plaintiff received the discharge of his debts in his Chapter 7 Bankruptcy case.

16. On January 7th, 2004, the Honorable Court discharge the Trustee and closed the Estate in debtor-plaintiff's Chapter 7 Bankruptcy case.

*17.* The Honorable Court notified the filing of petition for relief to all of Plaintiff's creditors, including COOPACA. This notification included an explanation of the automatic stay in effect and the date of the meeting of creditors pursuant section 341 of the Bankruptcy Code. (*See: Bankruptcy case's NIBS docket entries **2** & **3**).

18. COOPACA was informed that collection actions or proceedings were prohibited, and as such a list of common examples was provided which included but

---

**2**: to declare positively

Document    Page 6 of 25

was not limited to; "taking actions to collect money or obtain property from the debtor" and "starting of continuing lawsuits or foreclosures."

19. On the year 2003, COOPACA filed an action for collection of monies against Debtor-Plaintiff before the Superior Court of Arecibo under case number **TM2003-370**.

20. The collection suit against Plaintiff has not been dismissed and remained active. In its complaint before Superior Superior Court of Arecibo, COOPACA requests that Plaintiff be found liable for the amount alleged in the complaint, and has continued with collection effort by requesting and obtaining an ***order in excecution of sentence*** ("orden en ejecucion de sentnecia"), including the seizure of any other real of personal property of debtors. (*See: paragraphs **20** and **21** of the complaint*). **Exhibits C,D,E, and G.**

21. Furthermore, COOPACA filed a Motion Requesting the Execution of the Judgment on September 21st, 2005, which is in itself an outrageous and egregious violation of the discharge of the debtor's debts. *Enclosed Please find copy of the Motion Requesting the Execution of the Judgment* (**Exhibit E**).

22. Did COOPACA violate the discharge injunction (and the automatic stay by their own admission) in this case? And if so, were such violations intentional and willful acts?

## III. APPLICABLE LAW

23. *11 U.S.C. § 523* (**Exceptions to discharge),** in its pertinent parts, reads:

```
"(a)  A  discharge  under  section  727,  1141,
1228(a),  1228(b),  or  1328(b)  of  this  title [11
```

6

USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)]
***does not*** discharge an individual debtor from
any debt—

    (1) ...............

    (2) ..............., —

    (3) ***neither listed nor scheduled*** under
section 521(1) of this title [11 USCS §
521(1)], with the name, if known to the debtor,
of the creditor to whom such debt is owed, in
time to permit —

        (A) if such debt is not of a kind
specified in paragraph (2), (4), or (6) of this
subsection, timely filing of a proof of claim,
unless such creditor had notice or actual
knowledge of the case in time for such timely
filing;
                        or

        (B) if such debt is of a kind specified
in paragraph (2), (4), or (6) of this
subsection, timely filing of a proof of claim
and timely request for a determination of
dischargeability of such debt under one of such
paragraphs, unless such creditor had notice or
actual knowledge of the case in time for such
timely        filing        and        request;

    (4) ...........;

    (5) ...........;

    (6) ...........;

    (7) ...........;

    (8) ...........;

    (9) ...........;

    (10) that was or could have been listed or
scheduled by the debtor in a prior case
concerning the debtor under this title or under
the Bankruptcy Act in which the debtor waived
discharge, or was denied a discharge under
section 727(a)(2), (3), (4), (5), (6), or (7)
of this title [11 USCS § 727(a)(2), (3), (4),
(5), (6), or (7)], or under section 14c(1),
(2), (3), (4), (6), or (7) of such Act;
.............................................................. .."

           (**BOLD, Underline, italics added**)

24.    *11 U.S.C. § 524 (**Effect of Discharge**), in its pertinent parts, reads:*

"a) A discharge in a case under this title [11
USCS §§ 101 et seq.]—

    (1) voids any judgment at any time obtained,
to the extent that such judgment is a
determination of the personal liability of the
debtor with respect to any debt discharged
under section 727, 944, 1141, 1228, or 1328 of
this title [11 USCS § 727, 944, 1141, 1228, or
1328], whether or not discharge of such debt is

7

waived;

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

    (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this <u>title [11 USCS § 541(a)(2)]</u> that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) <u>[11 USCS § 1228(a)(1), or 1328(a)(1)]</u>, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this <u>title [11 USCS §§ 523(c) and 523(d)]</u>, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived."

          **(**BOLD, Underline, italics added**)**

25.    11 U.S.C. § 727 (**Discharge**) reads:

    (a) The court shall grant the debtor a discharge, unless--

    (1) the debtor is not an individual;

    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

        (A) property of the debtor, within one year before the date of the filing of the petition; or

        (B) property of the estate, after the date of the filing of the petition;

    (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

8

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

(8) the debtor has been granted a discharge under this section, under section 1141 of this title [11 USCS § 1141], or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1228 or 1328 of this title [11 USCS § 1228 or 1328], or under section 660 or 661 of the Bankruptcy Act [former 11 USCS §§ 1060, 1061], in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in

9

such case totaled at least—

    (A) 100 percent of the allowed unsecured claims in such case; or

    (B)

        (i) 70 percent of such claims; and

        (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort;

    (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter [11 USCS §§ 701 et seq.];

    (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111 [11 USCS § 111], except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) [11 USCS § 109(h)(4)] or who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section (The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in this paragraph shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter.); or

    (12) the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that--

    (A) section 522(q)(1) [11 USCS § 522(q)(1)] may be applicable to the debtor; and

    (B) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) [11 USCS § 522(q)(1)(A)] or liable for a debt of the kind described in section 522(q)(1)(B) [11 USCS § 522(q)(1)(B)].

(b) Except as provided in section 523 of this title [11 USCS § 523], a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter [11 USCS §§ 701 et seq.], and any liability on a claim that is determined under section 502 of

10

this title [11 USCS § 502] as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title [11 USCS § 501], and whether or not a claim based on any such debt or liability is allowed under section 502 of this title [11 USCS § 502].

(c) (1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.
    (2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
    (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
    (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
    (3) the debtor committed an act specified in subsection (a)(6) of this section; or
    (4) the debtor has failed to explain satisfactorily--
        (A) a material misstatement in an audit referred to in section 586(f) of title 28 [28 USCS § 586(f)]; or
        (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28 [28 USCS § 586(f)].

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
    (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
    (2) under subsection (d)(2) or (d)(3) of

11

this section before the later of—
        (A) one year after the granting of such discharge;                             and
        (B) the date the case is closed.
            (BOLD, Underline, italics added)

26.    *11 U.S.C. § 362*, in the pertinent sections and subsection (a)(1) through

(a)(8) reads:"

"**(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this** <u>title [11 USCS § 301, 302, or 303</u>], **or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [**<u>15 USCS § 78eee(a)(3)</u>], **operates as a stay, applicable to all entities, of--**

        (1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
        (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
        (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
        (4) any act to create, perfect, or enforce any lien against property of the estate;
        (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
        (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
        (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
        (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a

12

```
debtor who is an individual for a taxable
period ending before the date of the order for
relief under this title.
......................................................................................."
```

                    (*BOLD, Underline, italics added*)

27.   It is a well established principle that a valid automatic stay pursuant to section 362 precludes all collection proceedings against a debtor immediately following the filing of a bankruptcy petition. Legislative history clearly reflects Congress' intent to provide broad protection to debtors under these circumstances. This matter has been explained in the case of <u>In re: Juan Ortiz Martinez</u>, 196 B.R. 225 (1996), decided in this district:

```
"This provision of the Bankruptcy Code,
referred to as the automatic stay, "gives a
`breathing spell' to the debtor and stops all
efforts, all harassment, and all foreclosure
actions." Tringali vs. Hathaway Machinery Co.,
Inc., 796 F. 2d 553, 562 (1986) (citing
legislative history). For this reason, the stay
has been referred to as an "essential
foundation block of the bankruptcy rebuilding
process," In re: Patterson, 125 Bankr. 40, 47
(1990). In fact, "Congress intended that the
automatic stay be 'one of the fundamental
debtor protections provided by the bankruptcy
laws"' Inre: Solis, 137 Bankr. 121, 124 (1992)
(citing legislative history).

11 U.S.C. § 362(h) states: "An individual
injured by any willful violation of a stay
provided by this section shall recover actual
damage, including costs and attorneys' fees,
and, in appropriate circumstances, may recover
punitive damages."
```

                    (*BOLD, Underline, italics added*)

28.   The fact that debtor had a debt with COOPACA, was in no way a consent

13

to be sued in State Court in an action for the collection of monies. Said debt did not constitute a waiver of debtor's rights under the Bankruptcy Code and in no *way* gives COOPACA the right to proceed against debtor-plaintiff in state court.

29.   In order to demonstrate that a violation of the automatic stay has occurred the following elements must be established: (1) That a valid automatic stay was in effect, (2) That there was actual knowledge by the creditor and or transgressor of the automatic stay in effect, (3) The existence of an act prohibited by the code that constitutes a violation of the stay and (4) that said violation was intentional.

### A valid Automatic Stay in effect

30.   It is primary and requisite that an automatic stay is in effect. In the present case the automatic stay was in effect since the filing of the bankruptcy petition. Citing *Diviney vs. Nationsbank of Texas. N.A., (In re: Diviney), 225 B.R. 762 (1988)* "In a chapter 13 bankruptcy case, the automatic stay remains in effect until the case is dismissed or a discharge is granted or denied, unless the court has granted a creditor relief form the provisions of the automatic stay. Section 362(c)(2), (d)." Plaintiff's bankruptcy case is active and the automatic stay is in effect and has in no way been modified or terminated.

### Actual Knowledge of the Automatic Stay in effect

31.   It is also necessary and imperative that the creditor or transgressor of the stay, had knowledge of it, the contrary would violate the most basic principles of due process. In the case at bar, COOPACA had actual knowledge of the automatic stay.

32.   In re: Wanda Rivera Rodriguez, 97 B.R. 136 (1988), the court had the

14

opportunity to explain the notice requirement to give creditors effective knowledge:

> "It is well settled that the automatic stay is operative upon the filing of the petition and does not require a formal service of process or notice to the creditors. Thus, actual notice is sufficient to creditors. See, <u>Matter of Sierra,</u> 73 B.R. 322 (1987); <u>Richard vs. City of Chicago,</u> 80 B.R. 451, 543 (1987)."

*(BOLD, Underline, italics added)*

33.   COOPACA had full knowledge of debtor's bankruptcy proceeding, a fact that was accepted by COOPACA in its Answer to Complaint.

## An Act Prohibited by the Code that Constitutes a Violation of the Stay and of the Discharge Injunction

34.   Section 362[2] of the Bankruptcy Code, 11 U.S.C. 362, prohibits the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the case under Bankruptcy Code's provisions. Actions such as the one commenced by COOPACA on _____, 2003 before the Superior Court of Arecibo under case number **TM2003-0370** for the collection of monies against Plaintiff, fall within those acts prohibited by the statute when the automatic stay is in effect. Said acts are also violations of the Discharge Injunction provisions[3] afforded by the Bankruptcy Code.

35.   Defendant COOPACA could not pursue debtor-plaintiff for the collection of moneys, specifically after said debt was discharged by the Bankruptcy Court.

36.   The provisions of *11 U.S.C.S. § 524* enjoin actions to recover discharged

---

[2] *(11 U.S.C. § 362)*

15

debts. While *11 U.S.C.S. § 524* itself does not specify remedies for its violation, the remedies for violation of *11 U.S.C.S. § 524* are set forth under *11 U.S.C.S. § 105(a)*, which authorizes courts to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of that title.[4]

### That said Violations were Intentional and Willful Violations

37.   The first circuit defined what an intentional or willful act in the case of *Fleet Mortgage Group, Inc. vs. Kenneth A. Kaneb*, 196 F. 3d 265 (1999).

38.   A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. See *Goichman vs. Bloom (In re: Bloom)*, 875 F. 2d 224, 227 (1989): see also *see also Crysen/Montenay Energy Co. v. Esselen Assocs.. Inc. (In re: Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d Cir.1990); *Cuffee v. Atlantic Bus. and Community Dev. Corp. (In re: Atlantic Business and Community Corp.)*, 901 F.2d 325, 329 (3d Cir.1990). In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. *See Homer Nat'l Bank v. Namie*, 96 B.R. 652. 654 (W.D.La.1989). The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay. *See Mitchell Const. Co.. Inc. v. Smith (In re: Smith )* , 180 B.R. 311, 319 (Bankr.N.D.Ga.1995).

---

[3] (*11 U.S.C. §§ 523, 524 & 727*)

39.   This standard has also been adopted by the Second, Third, Fourth, and Ninth Circuits, a standard for assessing whether or not a violation of the automatic stay is willful under 11 U.S.C. § 362 (h). Citing In re: Julene Sucre, 226 B.R. 340 (1998):

> "The Second Circuit enunciated the standard governing the payment of damages under § 362(h) in In re Crysen/Montenay Energy Co., 902 F.2d 1098 (2d Cir.1990). There, the Court concluded that, where a person takes a "deliberate act ... in violation of a stay, which the violator knows to be in existence," an award of damages under § 362(h) is justified. Id. at 1105. Such an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed "general intent in taking actions which have the effect of violating the automatic stay," the intent requirement of § 362(h) is satisfied. In re Chateaugay Corp., 112 B.R. 526, 529 (S.D.N.Y.1990), rev'd on other grounds, 920 F.2d 183 (2d Cir.1990)."

(*BOLD, Underline, italics added*)

40.   In synthesis it is clear that a "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon finding that the defendant knew of the automatic stay and that the defendant's actions which violated the automatic stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re: Bloom, 875 F. 2d 224, 227 (1989)*, cited with approval in *In re: Taborski*, 141 B.R. 959, 966 (1992).

41.   Furthermore, it should be noted that a creditor has an affirmative obligation to prevent violations of the automatic stay, by informing not only its employees, but also collection agencies, attorneys and any other party that will attempt to collect the debt

---

[4] *(United States v. Rivera Torres (In re Rivera Torres), 309 B.R. 643, 2004 Bankr. LEXIS 667 (B.A.P. 1st Cir., 2004; 432 F.3d 20; 2005 U.S. App. LEXIS 27768; 2006-1 U.S. Tax Cas. (CCH) P50,112; 96 A.F.T.R.2d (RIA) 7398; Bankr. L. Rep. (CCH) P80, 421 )*

for debtors. This affirmative or positive obligation is necessary to comply with the
protection afforded to debtors by section 362 of the Bankruptcy Code, 11 U.S.C. § 362.
An explanation as to the reasoning for this is given in the case of *In re: Julene Sucre*,
226 B.R. 340 (1998), in which the court asserted:

> "the Court adopts that line of cases which hold
> that, upon receiving actual notice of the
> commencement of a bankruptcy case, a creditor
> has an affirmative duty under § 362 to take the
> necessary steps to discontinue its collection
> activities against the debtor. *See In the
> Matter of Sams*, 106 B.R. 485, 490
> (Bankr.S.D.Ohio 1989) ("The provisions of the
> automatic stay place the responsibility to
> discontinue any pending collection proceedings
> squarely on the shoulders of the creditor who
> initiated the action."); *In re Dungey*, 99 B.R.
> 814, 816-17 (Bankr.S.D.Ohio 1989) ("a creditor
> has an affirmative obligation to halt all
> collection activity"); *In re Mitchell. 66 B.R.
> 73 (Bankr.S.D.Ohio 1986); In re Elder*, 12 B.R.
> 491, 494 (Bankr.M.D.Ga.1981) (the creditor is
> "in the driver's seat" with regard to the
> garnishment, and "cannot choose to do nothing
> and pass the buck to the garnishee or the court
> in which the garnishment is filed to effectuate
> the stay.") The reasoning of these cases is
> based on a plain reading of § 362(a), as well
> as the policy goals underlying the enactment of
> that section. *See In the Matter of Sams*, 106
> B.R. at 490 ("Based on the language of 362(a)
> many courts have emphasized the obligation
> incumbent upon creditors to take necessary
> steps to halt or reverse pending state court
> actions or other collection efforts commenced
> prior to the filing of a bankruptcy petition,
> including garnishment of wages ....") (internal
> quotation marks omitted) (citations omitted);
> *In re Dungey, 99 B.R. at 815* (quoting H.R.Rep.
> No. 595, 95th Cong. 1st Sess. 340-42 (1977);
> S.Rep. No. 989, 95th Cong.2d Sess. 54-55
> (1978); reprinted in 1978 U.S.Cong. &
> Admin.News 5787 at 5840 and 6296-97) (finding
> that the automatic stay was intended to give
> "the debtor a breathing spell from his
> creditors. It stops all collection efforts, all
> harassment, and all foreclosure actions. It
> permits the debtor to attempt a repayment or
> reorganization plan, or simply to be relieved
> of the financial pressures that drove him to
> bankruptcy."): *In re Miller. 22 B.R. 479, 481

18

> **(D.Md.1982)** ("To place the onus on the debtor
> ... to take affirmative steps to recover
> property seized in violation of the stay would
> subject the debtor to financial pressures the
> automatic stay was designed to temporarily
> abate, and render the contemplated breathing
> spell from his creditors illusory.")"
>
> (*BOLD, Underline, italics added*)

42.   COOPACA filed a State Court which included a demand for collection of money against Plaintiff. It did so with the intent of enforcing its interest over Plaintiff and collect from debtor.

43.   COOPACA'A actions are a willful violation of the automatic stay, the Discharge injunction and the Honorable Court's orders.

## IV. STANDARD UNDER FED. R. CIV. P. 56

44.   Bankruptcy *Rule 7056*[5] makes Rule *56 of the Fed. R. Civ. P.* applicable to adversary proceedings. Accordingly, the summary judgment standard utilized in bankruptcy matters mirrors the standard set forth in the Federal Rules of Civil Procedure and as developed by case law. (*see: Glover v. McDonnell (In re: McDonnell)*, *2007 Bankr. LEXIS 409, Feruary 2nd, 2007* )

45.   Summary judgment is warranted where, after adequate time for discovery and upon motion, a party establishes the elements essential to its case and upon which it carries the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In addition, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (*See: Fed. R. Civ. P. 56 (C).*)

46.   For there to be a "genuine" issue, facts which are supported by substantial

19

evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. _Hahn v. Sargent_, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U. S. 904 (1976). When considering a petition for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. _Poller v. Columbia Broadcasting Systems. Inc.,368 U. S. 464, 473 (1962): Daury v. Smith_, 842 F.2d 9, 11 (1st Cir. 1988).

     47.   Once the moving party has met its burden, the burden switches to the nonmoving party who must show that a genuine issue of material fact exists requiring deference to the fact finder. The nonmoving party may not merely demonstrate the existence of some factual dispute to defeat a motion for summary judgment. _Kennedy v. Josephtal & Co., Inc._, 814 F.2d 798, 804 (1st Cir. 1987). See also: _Kauffman v. Puerto Rico Telephone Co._, 841 F.2d 1169, 1172 (1st Cir. 1988); _Hahn_, 523 F.2d at 464. To meet its burden, the nonmoving party is required to present evidentiary support for every essential element of its case and upon which it bears the burden of proof at trial. Celotex, 477 U.S. at 322-23; J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990). The failure of the nonmoving party to present proof for each element of its case necessarily renders all other facts immaterial. _Celotex_, 477 U.S. at 323. In other words, there is no issue for trial unless there is sufficient evidence presented by the nonmoving party which could support a verdict in its favor. _Anderson_, 477 U.S. 249.

     48.   The respondent may not rely upon bare allegations to create a factual

---

[5] (_USCS Bankruptcy R 7056_)

dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could reasonably support a verdict for the nonmoving party. *Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 818 (1st Cir. 1980). Although it is not the function of the trial judge to weigh the evidence or determine its credibility, where the evidence is merely colorable or not sufficiently probative, summary judgment may be granted. *Anderson*, 477 U.S. 249.

49. "Once the movant presents sufficient competent evidence to entitle it to summary judgment as a matter of law, the non movant cannot rest merely on the averments and denials in its pleadings, but must set forth specific facts demonstrating a genuine issue for **trial.** *See:* Fed. R. Bankr. P. 7056; Fed.R.Civ.P. 55(c), (e); *Germain v. RFE Inv. Partners IV (In re Wescorp, Inc.)*, 148 B.R. 161, 162-63 (Bankr.D.Conn.1992); *see also Marshack v. Sauer (In re Palmer)*, 140 B.R. 765, 768 (Bankr.C.D.Cal.1992). As to any essential factual element of its claim on which the non movant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial worthy issue warrants summary judgment for the moving party. *See: Christians v. Crystal Evang. Free Church (In re Young)*, 148 B.R. 886, 889 (Bankr.D.Minn.1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, *322, 106* S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986))". Ralar Distribs. v. Rubbermaid (In re Ralar Distribs.), 4 F.3d 62; 1993.

50. As to any essential factual element of its claim on which non movant would bear burden of proof at trial, its failure to come forward with sufficient evidence to generate trial-worthy issue warrants summary judgment for moving party. (See: *Fed.Rules, Bankr.Proc.Rule 7056; Fed,Rules Civ. Proc. Rule 56(c),(e)*; 11 U.S.C.A. §§

21

541,547(b, e)." In re Ralar Distributors, Inc., et al., Supra.)

51.   According to Fed. R. Civ. P. 56, a summary judgment motion should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law. See: *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28, 32 (1st Cir.1994). *This* standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment: the requirement is that there is no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For a dispute to be "genuine", there must be sufficient evidence to permit a reasonable tier of fact to resolve the issue in favor of the nonmoving party. *U.S. v. One Parcel of Real Property, 960* F.2d 200, 204 (1st Cir.1992). *See also, Boston Athletic Assn v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. (see: *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *Santana Olmo v. Quinones Rivera (In re Quinones Rivera)*, 184 B.R. 178 (1995) .

## V. CONCLUSION

52.   The automatic stay in Debtor-plaintiff's bankruptcy case n u m b e r **2003-10256** (SEK) was in effect and it in no way modified. Debtor-Plaintiff received the discharge from the Honorable Court.

53.   Defendant   COOPACA   had   actual   knowledge   of   the   bankruptcy

proceedings, did not object Trustee's report nor the discharge.

54. COOPACA'S request for collection of monies filed in state court is an act prohibited by the Bankruptcy Code, and as such constitutes a violation of the stay, the discharge injunction and the Honorable Court order.

55. COOPACA'S suit for collection of monies is still active before state and has not been stayed even after the filing of the instant adversary proceeding.

56. COOPACA'S conduct mandates the imposition of actual and punitive damages.

57. The allegations and defenses made by COOPACA in its Answer to Complaint in no way controvert the allegations made by Plaintiff, Defendant had knowledge of the automatic stay and the subsequent discharge, that the acts it committed were in violation of the a violation of the stay, the discharge injunction and the Honorable Court's orders and the intention to commit such actions was present. Thus, all of the elements for the establishment of violations were are present and are not in controversy.

58. Plaintiff respectfully submits that there is no genuine controversy as to the material facts presented with this motion, therefore being entitled to partial judgment as a matter of law, finding COOPACA willfully and intentionally violated the automatic stay, the discharge injunction and the Honorable Court's orders.

**WHEREFORE**, it is respectfully requested from this Honorable Court, that it

23

enter partial summary judgment finding that Defendant COOPACA and that it is liable

for the violation of the automatic stay, the discharge injunction and the Honorable

Court's orders,  pursuant sections 362, 523, 524 and 727 of the Bankruptcy Code,

and grant Plaintiff actual and punitive damages as alleged in the complaint; costs

and attorney's fees, order COOPAC to Cease and Desist from perpetrating said

violations, hold COOPACA in contempt of Court and any further relief that Plaintiff is

entitled to as alleged the complaint.


**RESPECTFULLY SUBMITTED**, In San Juan, Puerto Rico on  March 6th,

2007.


**I HEREBY CERTIFY:** That on this date I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system which
will send notification of such filing to the participants appearing in said
record.


**I HEREBY FURTHER CERTIFY:** That on this date I sent by first class
mail copy of the motion to defendant's attorney, Edgardo Perez
Gutierrez, at: ***9140 Calle Marina, Condominio Ponciana, Suite 401,
Ponce, P.R. 00717***.


*/s/ MARILYN VALDES ORTIGA, ESQ.*
MARILYN VALDES ORTIGA, ESQ.
USDC-PR: 214711

24

P. O. BOX 195596
SAN JUAN, PR 00919-5596
TEL. (787) 758-4400
E-Mail: **valdeslaw@prtc.net**