IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :

EDIBERTO MELENDEZ RODRIGUEZ,    :       CASE NO. 03-10256(SEK)

    DEBTOR                          :       CHAPTER 7
_____

EDIBERTO MELENDEZ RODRIGUEZ,    :

    PLAINTIFF                       :       ADV. PROC. 06-00162

       V.                           :       **FILED & ENTERED**

COOPERATIVA DE AHORRO Y                 :       OCT *10* 2007
CREDITO DE ARECIBO,

    DEFENDANT                       :       CLERK
_____        U.S. BANKRUPTCY COURT
                                        SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Debtor requests summary judgment in its favor, finding Cooperativa de Ahorro y Crédito de Arecibo (COOPACA) violated the discharge injunction and the automatic stay.[1] We grant debtor's motion in part, for the following reasons.

**Factual Findings**

The following facts are undisputed. Debtor filed a Chapter 7 voluntary petition on September 19, 2003. It scheduled COOPACA as an unsecured creditor due to a personal loan in the amount of $3,786.53. The statement of financial affairs also showed a civil suit filed by COOPACA against debtor before bankruptcy. The trustee found this was a no asset case, thus claims were not filed.

Debtor was granted a discharge on January 7, 2004. The order



----

[1] We have jurisdiction over this core matter under 28 U.S.C. §§ 1334, 157(b)(1) & 157(b)(2)(J).

of discharge was notified to COOPACA directly and through the attorney who appeared on its behalf. COOPACA's pre-petition unsecured debt was discharged pursuant to §727 of the Bankruptcy Code.[2] Nine days after entry of discharge, the state court, upon COOPACA's request, entered default specifically against debtor, who was a co-defendant in the pending action for collection of money. On February 27, 2004, the court entered default judgment. On September 21, 2005, COOPACA requested execution of the judgment against debtor through garnishment of his property. On March 10, 2006, the court issued a writ of execution, ordering the marshal to seize debtor's property including his home furnishings, appliances, art, and any other personal assets, such as vehicles, cash, bank accounts and salaries.

### Discussion

Debtor's motion for summary judgment requests that we find COOPACA violated both the automatic stay and the discharge injunction, when it continued collection efforts against debtor in the civil suit pending in state court.[3]

Summary judgment is warranted where the record viewed most favorably to non moving party, reveals that there is no genuine dispute as to any material fact and moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Blanchard v. Peerless, 958 F.2d 483, 485 (1st Cir.

---

[2] 11 U.S.C. §727. This and all further references to Title 11 pertain to the Bankruptcy Reform Act of 1978.

[3] COOPACA did not reply to the motion.

1992). "The summary judgment machinery operates in two phases. First, the movant must make a preliminary showing that there is no genuine issue of material fact which requires resolution in the crucible of a trial. Once this showing has been made, the burden shifts to the non-movant to demonstrate, through specific facts, that a trial worthy issue remains."(citations omitted) <u>Cadle Company v. Hayes</u>, 116 F. 3d 957, 960 (1st Cir. 1997).

Here, the uncontested record clearly shows COOPACA acted in violation of 11 U.S.C. § 524(a)(2). Section 524(a)(2) provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset [a discharged debt] as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. 524(a)(2).

The standard for a willful violation of the discharge injunction is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. <u>Pratt v. GMAC (In re Pratt)</u>, 462 F.3d 14, 21 (1stCir. 2006). COOPACA had knowledge of the discharge but diligently prosecuted collection of a discharged debt against debtor in his personal capacity in the state courts. By engaging in this act, COOPACA violated the discharge injunction. Therefore, we enter summary judgment finding COOPACA violated the discharge injunction.



We deny debtor's request for entry of summary judgment finding COOPACA violated the automatic stay, as the uncontested facts do not support this remedy. The facts alleged in the

3

complaint and motion occurred either before debtor filed bankruptcy, or after the automatic stay terminated by entry of the discharge on January 7, 2004. 11 U.S.C. §362(c)(2)(C). Therefore, debtor has failed to meet his burden under the summary judgment standard.

**WHEREFORE**, we shall enter a partial, final, summary judgment, finding COOPACA violated the discharge injunction and denying Debtor's request for judgment concerning the violation of the automatic stay. The Clerk shall a pretrial hearing limited to the damages, if any, caused by the violation of discharge.

**SO ORDERED**, in San Juan, Puerto Rico, on October 3, 2007.

SARA DE JESÚS
U.S. Bankruptcy Judge

4